# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**ZACHARY STEVEN WHEELER,**
*Individually, and on behalf of himself and others similarly situated,*

Plaintiff,

v.                                                  Civil Case No._____

**WILSON CONSTRUCTION, LLC**

                                  **FLSA Multi-Plaintiff Action**
                                  **RULE 23 Class Action**
Defendant.                                          **JURY DEMANDED**

## ORIGINAL MULTI-PLAINTIFF ACTION COMPLAINT

Plaintiff, Zackery Steven Wheeler ("Plaintiff"), individually, and on behalf of himself and all other similarly situated current and former hourly-paid employees, brings this multi-plaintiff action against Defendant, Wilson Construction, LLC, ("Defendant"), and alleges as follows:

## I. INTRODUCTION

1. Plaintiff was a full-time, hourly-paid employee of Defendant and brings this action for unpaid minimum wages, overtime compensation, liquidated damages, reasonable attorneys' fees, costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. This action also is brought as a Fed. R. P. 23 class action, alleging breach of contract under Tennessee state law, to recover unpaid contractual wages or, in the alternative, unjust enrichment/quantum meruit compensation, owed to Plaintiff and other similarly situated current and former hourly-paid employees who are a member of a Rule 23 class as defined

1

      herein, and who are currently or previously employed by Defendant.

3. This action is intended to include every similarly situated full-time, hourly-paid employee who has worked for Defendant anywhere in the United States at any time within the past three (3) years.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This court has jurisdiction over Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to claims in this action within the court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendant to perform work in this district and said Defendant has conducted business within this district at all relevant time periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims, and this action occurred within this district.

## III. FLSA COVERAGE

7. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA.

8. Plaintiff and those similarly situated have been "employees" of Defendant, as defined by the FLSA.

9. During Plaintiff's employment with Defendant, it employed two or more employees who handled goods, materials, and supplies that traveled in interstate commerce.

10. Defendant's employees also engaged in interstate commerce on behalf of Defendant during all times material to this action.

11. Defendant has been an "enterprise" engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

## IV. PARTIES

12. Defendant is a Tennessee limited liability company with its principal address at 6461 Carraway Cove (Apt. 303), Bartlett, Tennessee 38135-9131, Defendant's agent for service of process is John Wilson, 6461 (Apt. 303), Bartlett, Tennessee 38135-9131.

13. Plaintiff Zackery Steven Wheeler is an adult citizen of the United States and was employed by Defendant as an hourly-paid employee in this district during all times relevant to this action. Plaintiff Wheeler's "Consent to Join" this action is attached as *Exhibit A*.

## V. FACTUAL ALLEGATIONS

14. Defendant is a construction company located in Memphis, Tennessee

15. Plaintiff and those similarly situated worked as hourly-paid employees for Defendant during the relevant statutory period.

16. Plaintiff and those similarly situated performed work for Defendant in excess of 40 hours per week within weekly pay periods during all times material to this Complaint.

17. Defendant either failed to record or "edited out" compensable work hours, including overtime hours, of Plaintiff and those similarly situated from its timekeeping system within weekly pay periods during all times material.

18. Thus, Defendant did not compensate Plaintiff and those similarly situated for all their compensable work hours at the applicable FLSA minimum wage and overtime

compensation rates of pay within weekly pay periods during all times material.

19. In addition, Defendant offered Plaintiff and those similarly situated specific hourly rates of pay for all the work hours they performed for Defendant during all times material to this action.

20. Plaintiff and those similarly situated accepted Defendant's offer by performing the work assigned them by Defendant during all times material.

21. However, Defendant failed to compensate Plaintiff and those similarly situated for all their work hours within weekly pay periods in breach of its contractual wage obligations to Plaintiff and those similarly situated, during all times material.

22. Defendant has been aware it has not compensated Plaintiff and those similarly situated for all hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay, during all times material.

23. Defendant also has been aware that by failing to compensate Plaintiff and those similarly situated for all their work time, it has breached its unilateral wage contracts with them for the payment of all work hours and unjustly enriched itself at their expense.

24. The unpaid minimum wage and overtime compensation claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

25. Defendant's common practice of failing to pay Plaintiff and those similarly situated for all the minimum wages and overtime compensation owed them was willful with reckless disregard to the FLSA overtime requirements, and without a good faith basis.

26. Plaintiff and others similarly situated are entitled to a recovery from Defendant of all their unpaid minimum wages, overtime compensation and contractual compensation, liquidated damages, attorneys' fees, interest, and other costs, fees, and expenses that are available to

them.

## RULE 23 BREACH OF CONTRACT
## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this case as a Fed. R. Civ. P. 23 class action on behalf of himself and other Rule 23 class members to recover the aforementioned unpaid contractual wages owed to them.

28. Specifically, Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action against Defendant on behalf of himself and the following similarly situated individuals:

> All hourly-paid employees who were employed by and worked for Defendant in the State of Tennessee during the six years preceding the filing of this Original Complaint, and who were not paid all wages and compensation owed them by Defendant. (the "Rule 23 class").

29. Defendant promised Plaintiff and other Rule 23 class members they would be compensated at a specified hourly rate of pay for all hours of work performed within weekly pay periods during all times material.

30. Plaintiff and other Rule 23 class members fulfilled their acceptance of such promises by performing the required work directed by Defendant. However, Defendant failed to pay Plaintiff and other Rule 23 class members the promised wages for all the work performed within weekly pay periods during all times material.

31. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members easily can be ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

32. Common questions of law or fact common to the Rule 23 class predominate over questions

affecting only individual class members. These common questions of law or fact are:

(a) Whether a unilateral contract existed between Defendant and Plaintiff and the putative Rule 23 class for the payment of wages.

(b) Whether Plaintiff and other members of the Rule 23 class are entitled to the specified contractual wages promised to them by Defendant under the Tennessee statutory and common law of contracts, quantum meruit, and/or unjust enrichment.

(c) Whether Defendant paid Plaintiff and other members of the Rule 23 class all the wages owed them within weekly pay periods during the relevant time period herein.

(d) Whether Defendant unlawfully breached its unilateral wage agreements with Plaintiff and members of the Rule 23 class;

(e) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for the putative Rule 23 class;

33. Pursuant to the allegations above, Plaintiff's claims are typical of Rule 23 class claims.

34. Plaintiff's claims and the claims of the members of the Rule 23 class arose from the same Defendant's actions or inactions herein and the claims are based on the same legal theories.

35. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

36. Plaintiff is an adequate class representative.

37. Plaintiff was an hourly-paid employee of Defendant who, like other members of the Rule 23 class, was not paid promised wages for all hours worked within weekly pay periods during all relevant periods of time herein. (Therefore, Plaintiff has an inherent interest in

seeking recovery for the same types of damages that members of the Rule 23 class would seek.)

38. Plaintiff's unpaid wage claims are typical of those claims which could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

39. All the Rule 23 class members are/were subject to the same unlawful practices of Defendant in its failure to pay them all contractually agreed-upon wages.

40. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of breach of a wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

41. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

42. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in significant savings

43. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

44. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

45. Current employees are often afraid to assert their rights out of fear of direct or indirect

retaliation. Former employees may be fearful of bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.)

46. Plaintiff has engaged the law firm of Jackson, Shields, Yeiser, Holt, Owen & Bryant to pursue the unpaid wage claims of himself and other Rule 23 members. (The Jackson, Shields, Yeiser, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour claims under the FLSA and state contractual laws.)

47. The law firm has represented numerous other employees asserting unpaid contractual wage claims.

48. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiff and other members of this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

49. Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendant unless resolved by this action.

## MULTI-PLAINTIFF ACTION ALLEGATIONS

50. Plaintiff brings this action on behalf of himself and potential plaintiffs as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

51. Plaintiff seeks to send notice to the following similarly situated current and former employees of Defendant:

> All individuals who were employed by Defendant as hourly-paid employees and who performed work for Defendant anywhere in the United States at any time during the applicable statutory period covered by this Multi-Plaintiff Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

52. The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

53. While the exact number of potential plaintiffs is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are more than 20 potential plaintiffs in this action.

54. The claims of Plaintiff are typical of the claims of potential plaintiffs in this action.

55. Plaintiff and potential plaintiffs to this action are similarly situated in that they were subjected to Defendant's common policy and practice of failing to pay them all their compensable hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

56. Plaintiff and potential plaintiffs to this action also are similarly situated in that their unpaid wage claims are unified through common theories of Defendants' FLSA violations.

57. Plaintiff will fairly and adequately protect the interests of potential plaintiffs to this action as his interests are aligned with the interest of such potential plaintiffs.

58. Plaintiff has no interests adverse to the interest of potential plaintiffs to this action.

59. Plaintiff has retained competent counsel who is experienced in multi-plaintiff action litigation.

60. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to individually seek redress for the wrongs done to them.

61. Plaintiff and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

62. Plaintiff, on behalf of himself and potential plaintiffs, repeats and re-alleges Paragraphs 1 through 61 above as if they were fully set forth herein.

63. Plaintiff and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum wages and overtime compensation owed them as a result of Defendant's unlawful practices, as previously described.

64. Defendant's failure to pay Plaintiff and potential plaintiffs for all their hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay has violated the FLSA.

65. During the relevant time period herein, Defendants' common practice of willfully failing to pay Plaintiff and potential plaintiffs at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendant's FLSA violations.

66. Defendant has had actual knowledge of failing to pay Plaintiff and potential plaintiffs all the applicable FLSA minimum wages and overtime compensation to which they are entitled.

67. Defendant's conduct was willful with reckless disregard to clearly established FLSA compensation requirements.

68. Defendant's violations were without a good faith basis.

69. Plaintiff and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendant unpaid minimum wages and overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION VIOLATION

70. Plaintiff, on behalf of himself and other members of the Rule 23 Class, repeats and re-alleges Paragraphs 1 through 68 above as if they were fully set forth herein.

71. Plaintiff asserts Rule 23 class breach of contract claims because Defendant entered into valid and enforceable unilateral wage contracts with them pursuant to Tennessee common law

72. Defendant offered to compensate Plaintiff and other members of the Rule 23 class at a specified hourly wage within weekly pay periods for all work performed on their behalf.

73. Plaintiff and other members of this Rule 23 class accepted Defendant's offer to pay them a specified hourly wage for all work performed within weekly pay periods by performing such work during all times material.

74. However, Defendant breached its obligations under the said contracts by failing to pay Plaintiff and other Rule 23 class members the agreed-upon hourly compensation for all such hours they performed.

75. In the alternative to the breach of contract class claims, Plaintiff asserts a quantum meruit/unjust enrichment claim that he and each member of the proposed Rule 23 class provided valuable services to Defendant.

76. Defendant accepted their services and had reasonable notice that Plaintiff and Rule 23 class members expected to be compensated for the work they performed on behalf of Defendant.

77. The reasonable value of such services provided to Defendant by Plaintiff and Rule 23 members are consistent with the additional hourly rate of pay promised them because Defendant benefited to such degree or more from the work they performed.

78. Defendant was aware it failed to pay Plaintiff and Rule 23 class members all the money owed them under the aforementioned wage contracts.

**PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of himself and all others similarly situated, requests this Court to grant the following relief against Defendants:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.     For an Order finding Defendant liable under the FLSA for unpaid minimum wages and overtime compensation due to Plaintiff and potential plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and potential plaintiffs;

C.     For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

D.     An award of damages associated with Defendant's breach of contract or, in the alternative, damages associated with their quantum meruit/unjust enrichment claims.

E.     An award of all contractually agreed-upon wages;

F.     For an Order finding that Defendant's violations of the FLSA were willful.

G.     An award of prejudgment and post-judgment interest at the applicable legal rate to FLSA Plaintiff and potential plaintiffs;

H.     An award of prejudgment and post-judgment interest at the applicable legal rate to Rule 23 Plaintiffs and class members;

I.     An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to FLSA Plaintiffs and potential plaintiffs.

J.     Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

October 11, 2023

                                              Respectfully Submitted,

                                              *s/J. Russ Bryant*
                                              Gordon E. Jackson (TN BPR #8323)
                                              J. Russ Bryant (TN BPR #33830)
                                              James L. Holt, Jr. (TN BRP #12123)
                                              J. Joseph Leatherwood IV (TN BPR #39490)
                                              **JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
                                              Attorneys at Law
                                              262 German Oak Drive
                                              Memphis, Tennessee 38018
                                              Telephone: (901) 754-8001
                                              Facsimile: (901) 754-8524
                                              *gjackson@jsyc.com*
                                              *rbryant@jsyc.com*
                                              *jholt@jsyc.com*
                                              *jleatherwood@gmail.com*

                                              ***ATTORNEYS FOR PLAINTIFF AND THOSE SIMILARILY SITUATED***